UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Warren L. Pearson, | ) C/A No. 4:11-952-RBH-TER |
| *a.k.a. Warren Lemont Pearson,* | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **Report and Recommendation** |
| | ) |
| | ) |
| Warden of Allendale Correctional Institutional Facility; | ) |
| Lt. Watson, Colleton; Lt. Iron, Barnwell; Lt. Robertson, | ) |
| Colleton; Inmate Theodore Culp, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Warren L. Pearson, *a.k.a.. Warren Lemont Pearson*, ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action against Defendants, seeking compensatory damages, pursuant to 42 U.S.C. § 1983,[1] for alleged violation of his constitutional rights, while he was incarcerated in the South Carolina Department of Corrections' Allendale Correctional Institution ("ACI"). Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the District Court. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

1

dismissed because it is frivolous and fails to state a claim on which relief may be granted by this Court.

### *Pro Se* **and** *In Forma Pauperis* **Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of

2

a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009)(outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

Plaintiff's Complaint attempts to allege a claim against Defendants for failure to protect Plaintiff from a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825 (1994). Plaintiff alleges that he was assaulted by another inmate, Defendant Theodore Culp. The complaint, however, does not allege Culp acted under color of state law. Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983). Plaintiff alleges:

3

> I, Warren L. Pearson, was stabbed in the upper thigh, stomach area, and cut in the face with a thick needle, used for sewing thread through leather.  This needle was wedged into a hollowed toothbrush.  This weapon was used by Inmate Theodore Culp to injure my person.  Inmate Theodore Culp was charged with assault.  This incident happened in the Barnwell Unit at Allendale Correctional Institution.

ECF No. 1, p. 3.

The other Defendants,  *i.e.* the Warden, Lt. Watson, Lt. Iron, and Lt. Robertson, are ACI staff members.  Plaintiff does not include any specific factual allegations re: dates, times, and locations of the alleged assault on him by Defendant Culp, nor does Plaintiff specifically allege that the ACI Defendants showed a deliberate or callous indifference to a *specific, known*, substantial risk of serious harm to Plaintiff.  *See Sarratt v. Daughtery,* 2007 WL 2406784 (D.S.C. 2007)(Slip Copy), *citing Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  A negligent failure to protect a prisoner from violence does not violate the constitution.  *See also Davidson v. Cannon*, 474 U.S. 344, 347 (1986).

Plaintiff's Complaint *does* allege that he suffered physical injury:

> I . . .  was treated for a puncture to the inner thigh area and groin area.  A bandage with a pain reliever was prescribed by the attending medical personnel.  I also was treated for minor nix(s) and abrasion(s) to the face, neck, and abdomen area.  The medical unit personnel also took x-rays of my ankle, which I severely sprained and needed crutches to walk.  Today, I still wear an ankle brace to support my ankle joints.  I also take medication (Naproxen) for this injury, substained [sic] during the above mentioned inmate assault incident. . . The responsibilities of my injuries are the responsibility of the Department South Carolina Corrections; because I, Warren L. Pearson, was an inmate in their care and criminal custody.  The authorities of Allendale Correctional Institutional Penitentiary are responsible for my well-being while there in their custody and care.  I request a monetary settlement of $6,000.00 dollars."

ECF No. 1, p. 4-5.

4

**Discussion**

"[T]he Eighth Amendment protects a convicted inmate from physical harm at the hands of fellow inmates resulting from the deliberate or callous indifference of prison officials to specific known risks of harm." *Pressley v. Hutto,* 816 F.2d 977, 979 (4thCir. 1987); *see also Farmer* at 828 ("A prison official's 'deliberate indifference' to a substantial risk of harm to an inmate violates the Eighth Amendment.").  "It is not, however, every injury suffered by one prisoner at the hands of another that translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834.[2]  Based on the United States Supreme Court's holding in *Farmer*, deliberate indifference is established if "a prison official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.  Thus, "a prison official may be liable under the Eighth Amendment for denying humane conditions only if he knew that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847; accord *Taylor v. Freeman*, 34 F.3d 266, 271 (4th Cir. 1994). Also, a defendant in a civil rights action must have personal involvement in the alleged wrongs. Section 1983 liability cannot be imposed vicariously against a supervisory official merely on the theory of *respondeat superior*.  *Rizzo v. Goode*, 423 U.S. 362, 375 (1976); *Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990).

Plaintiff's Complaint makes no specific factual allegations of any instances in which these Defendants personally caused him serious harm.  Nor does Plaintiff's Complaint make any specific factual allegations of any instances in which Defendants had actual knowledge that he was exposed

---

[2]  A negligent failure to protect detainees from violence does not violate the constitution. *Davidson v. Cannon*, 474 U.S. 344, 347 (1986).

to a substantial risk of serious harm that Defendants deliberately disregarded so as to allege that they had the requisite culpable state of mind for them to be liable under § 1983.[3]

Assuming plaintiff's § 1983 claim is dismissed by this Court and to the extent Plaintiff asserts state law claims against inmate Theodore Culp, the undersigned concludes that such claim(s), if any, ought to be dismissed as well for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

### Recommendation

Accordingly, it is recommended that the Complaint be summarily dismissed, without prejudice and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d 70. (4th Cir. 1983); *see also* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 22, 2011
Florence, South Carolina

---

[3] In addition, based on Plaintiff's prior filings in this court, it appears that this action is frivolous because the three-year statute of limitations has long expired. *See* Complaint, *Pearson v. South Carolina Department of Corrections*, C/A No. 08-138-RBH-TER, ECF No. 1, p. 5. ("I was stabbed at the initial serving of the concurrent served charge of criminal domestic violence/ in conjunction with assault on a probation officer/resisting arrest, by inmate Theodore Culp at Allendale Correctional Facility in October 1999.")

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005)(quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).